LILLIAN P. W. PACKER, as Executrix of GRACE R. PABST, Deceased, Appellant, *v.* MAURICE RAPOPORT et al., Respondents.

First Department, November 1, 1948.

*Robert J. Blum* of counsel (*Bertram L. Potter* with him on the brief), for appellant.

*Irving Bloomberg* of counsel (*Morris H. & Irving Bloomberg,* attorneys), for respondents.

*Per Curiam.* We think that instead of dismissing the complaint on the merits at the conclusion of plaintiff's case, the court should have granted plaintiff's motion for leave to amend to allege a cause of action for breach of contract. While the complaint alleged a conversion of securities and plaintiff presented her case as one for conversion, the complaint stated facts constituting a cause of action for breach of contract to return the securities. When it appeared at the end of plaintiff's case that she had not made out a cause of action in conversion, she sought to amend the complaint to plead a cause of action in contract by simply realleging all the paragraphs of the complaint except the one paragraph alleging a conversion. The

proposed amendment did not substantially change the allegations of the complaint or the plaintiff's case. It added nothing to the complaint but rather took something away. As the complaint minus the allegation of conversion would state a cause of action, and as the substance of plaintiff's claim and proof would not be altered, plaintiff should have been allowed to amend and been given the benefit of any cause of action which the allegations of the complaint and proof would support. A dismissal of the complaint on the merits, under the circumstances, was not justified.

The judgment should be reversed and amendment permitted, and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., GLENNON, DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.